**IJH LAW**
Ignacio J. Hiraldo (State Bar No. 354826)
1100 Town & Country Road Suite 1250
Orange, CA 92868
E. ijhiraldo@ijhlaw.com
T. 657.200.1403

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

AZAHARET GARCIA, individually and on behalf of others similarly situated,

Plaintiff,

v.

ALLURE MEDICAL SPA, P.L.L.C.,

Defendant.

No. 2:25-cv-10106

**CLASS ACTION COMPLAINT**

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ.**

**JURY TRIAL DEMANDED**

Plaintiff Azaharet Garcia brings this class action against Defendant ALLURE MEDICAL SPA, P.L.L.C., d/b/a Allure Medical, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA").

2. To solicit consumers, Defendant engages in mass text messaging to consumers who have not given consent and whose telephone numbers are listed on the

National Do Not Call Registry ("NDNCR").

3. Plaintiff seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

5. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers from this District.

**PARTIES**

6. Plaintiff is now, and was at all relevant times, a citizen and resident of Los Angeles County, California.

7. Plaintiff is now, and was at all relevant times, an individual and a called party under the TCPA in that Plaintiff was the regular user of cellular telephone number that received Defendant's unwanted messages.

8. Defendant is now, and was at all relevant times, a Michigan professional service limited liability company with its principal place of business in Shelby Township, Michigan.

**FACTS**

9. Defendant provides a range of medical and cosmetic services focused on aesthetics and wellness, including surgical and non-surgical procedures for body contouring, fat reduction, and anti-aging.

10. Defendant also engages in unsolicited text message marketing to consumers' cell phones listed on the NDNCR.

11. Specifically, on August 11, 2025, Defendant caused solicitation text messages to be transmitted to Plaintiff's residential cellular telephone number, as

demonstrated below:




12. Plaintiff registered the telephone number that received the above text messages on the National Do Not Call Registry on or about June 1, 2024.

13. As demonstrated by the above screenshots, the purpose of Defendant's text messages was to solicit the sale of consumer goods and/or services.

14. As demonstrated by the above screenshots, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's property, goods, and/or services.

15. Defendant sent at least two text marketing messages to Plaintiff's telephone number in a twelve month period.

16. Plaintiff is the regular user of the telephone number that received the above text messages.

17. Plaintiff utilizes the cellular telephone number that received Defendant's

text messages for personal purposes, and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

18. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

19. Plaintiff and the Class Members did not provide Defendant with prior express invitation or permission to receive solicitation text messages.

20. Plaintiff and the Class Members did not have any established business relationship with Defendant.

21. Defendant's text message spam caused Plaintiff and the Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

22. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

23. Plaintiff brings this case on behalf of the Classes defined as follows:

> All persons in the United States who, within the four years prior to the filing of this action through the date of class certification, (1) were sent more than one text message within any 12-month period; (2) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (3) regarding Defendant's property, goods, and/or services; (4) to said person's residential cellular telephone number; (5) who did not provide Defendant prior express invitation or permission; and (6) who did not have an established business relationship with Defendant.

24. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

25. Defendant and its employees or agents are excluded from the Classes.

**NUMEROSITY**

26. Upon information and belief, Defendant has sent text messages to more than 50 persons after they opted out of Defendant's texts. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

28. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.

29. Among the questions of law and fact common to the members of the Class are:

a. Whether Defendant sent text messages to Plaintiff and the Class members;

b. Whether the purpose of Defendant's text messages was to market its goods and services;

c. Whether Defendant sends text messages in violation of the DNC Registry; and

d. Whether Defendant is liable for damages, and the amount of such damages.

30. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant continues to send marketing text messages to consumers even after opt-out requests is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

31. Plaintiff's claims are typical of the claims of the Class Members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

32. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and Plaintiff has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

33. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

34. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of 47 U.S.C. § 227(c) and 64.1200(c)**
**(On Behalf of Plaintiff and the Class)**

35. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs

1 through 34 as if fully set forth herein.

36. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

37. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

38. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

39. Plaintiff and the Class Members did not provide Defendant with prior express invitation or permission for telephone solicitation text messages.

40. Plaintiff and the Class Members did not have an established business relationship with Defendant.

41. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

42. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

43. As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are

entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all text messages made in violation of the TCPA, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Dated: October 22, 2025 Respectfully submitted,

**IJH LAW**

By: _/s/ Ignacio Hiraldo_
Ignacio J. Hiraldo (State Bar No. 354826)
1100 Town & Country Road Suite 1250
Orange, CA 92868
E: ijhiraldo@ijhlaw.com
T: 657.200.1403

*Counsel for Plaintiff and Proposed Class*